IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:09CR209 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| IGNACIO F. LOPEZ, ) | **OF FORFEITURE** |
| a/k/a Ignacio Fabian Lopez-Buemostro, ) | |
| a/k/a Nacho, ) | |
| ) | |
| Defendant. ) | |

NOW ON THIS 21st day of December, 2009, this matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture. The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1. Count I charges the Defendant with one count of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A).  Count II charges the Defendant with one count of knowingly selling a firearm to a felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2) and 2. Count IV of said Superseding charges the Defendant with one count of knowingly selling a firearm to a felon, in violation of 18 U.S.C. §§ 922(d) and 924(a)(2).

2. Count III of said Superseding Indictment sought the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of, a Winchester Model 63 .22 caliber rifle, serial# 54138A; a UNK Manufacturer Model TEX .22 caliber revolver, serial# TX43752; an Astra-Uncetay Model "Constable" 9mm pistol, serial# 1059374; a Remington 870 Magnum .12 gauge shotgun, serial# B251600M; a Cobra Model C22M Derringer, .22 caliber, serial# 026985; a Ruger Model 89DC, 9mm pistol, serial# 314-06249; two loaded magazines of 9mm rounds; a Winchester Model 12, 12

gauge shotgun, serial# 1817690F; a Ted Williams Model 100, 30/30 rifle, serial# V71841; a Stevens Model 311, 20 gauge shotgun, serial# D038701; a Winchester Model 370, 20 gauge shotgun, serial# C322925; a Winchester Model 94AE, 30/30 rifle, serial# WFT1281; a Savage Model 10CL, 7mm rifle, serial# C114847; a Winchester Model 94, 30/30 rifle, serial# 4517934; a High Standard 12 gauge shotgun, serial# 3165849; a Glenfield Model 60, .22 caliber rifle, serial# 71508069; a Ted Williams Model 200, 12 gauge shotgun, serial# 86378; a Colt AR-15, Model SP1, serial# SP100597; an Ithaca 12 gauge shotgun; The Continental 12 gauge shotgun; a Stevens Model 87E, .22 caliber rifle; a Ted Williams Model 34, .22 caliber rifle; a Remington 12 gauge shotgun; a Lefever 12 gauge shotgun; a Stevens Model 87A, .22 caliber rifle; a Winchester Model 41-P, .22 caliber rifle; a British Enfield, 303 caliber rifle; a Winchester Model 370, .20 gauge shotgun, a Barrett Model 99A1, .50 caliber sniper rifle, serial# 4953, and 10 rounds of .50 caliber ammunition, on the basis they were firearms involved or used in the knowing commission of the offense charged in Counts I and II.

3. By virtue of said plea of guilty, the Defendant forfeits his interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c) and 5872.

4. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED as follows:

A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

B. Based upon Counts III of the Superseding Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the Winchester Model 63 .22 caliber rifle, serial#

54138A; the UNK Manufacturer Model TEX .22 caliber revolver, serial# TX43752; the Astra-Uncetay Model "Constable" 9mm pistol, serial# 1059374; the Remington 870 Magnum .12 gauge shotgun, serial# B251600M; the Cobra Model C22M Derringer, .22 caliber, serial# 026985; the Ruger Model 89DC, 9mm pistol, serial# 314-06249; two loaded magazines of 9mm rounds; the Winchester Model 12, 12 gauge shotgun, serial# 1817690F; the Ted Williams Model 100, 30/30 rifle, serial# V71841; the Stevens Model 311, 20 gauge shotgun, serial# D038701; the Winchester Model 370, 20 gauge shotgun, serial# C322925; the Winchester Model 94AE, 30/30 rifle, serial# WFT1281; the Savage Model 10CL, 7mm rifle, serial# C114847; the Winchester Model 94, 30/30 rifle, serial# 4517934; the High Standard 12 gauge shotgun, serial# 3165849; the Glenfield Model 60, .22 caliber rifle, serial# 71508069; the Ted Williams Model 200, 12 gauge shotgun, serial# 86378; the Colt AR-15, Model SP1, serial# SP100597; the Ithaca 12 gauge shotgun; the Continental 12 gauge shotgun; the Stevens Model 87E, .22 caliber rifle; the Ted Williams Model 34, .22 caliber rifle; the Remington 12 gauge shotgun; the Lefever 12 gauge shotgun; the Stevens Model 87A, .22 caliber rifle; the Winchester Model 41-P, .22 caliber rifle; the British Enfield, 303 caliber rifle; the Winchester Model 370, .20 gauge shotgun, the Barrett Model 99A1, .50 caliber sniper rifle, serial# 4953, and 10 rounds of .50 caliber ammunition, on the basis they were firearms involved or used in the knowing commission of the offense charged in Counts I and II.

    C.  The Defendant's interest in said properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C., § 853(n)(1).

    D. The aforementioned forfeited properties are to be held by the United States in its secure custody and control.

E.  Pursuant to 21 U.S.C., § 853(n)(1), the United States forthwith shall publish for at least thirty consecutive days on an official Government internet site (www.forfeiture.gov) notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C., § 853(n), in which all interests will be addressed.

ORDERED this st day of December, 2009.

BY THE COURT:

/s Joseph F. Bataillon

**Joseph F. Bataillon, Chief Judge**
**United States District Court**